**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER L. HARRIS,**

      **Petitioner,**

**v.**                               **Case No. 4:16cv132-RH/CAS**

**UNITED STATES OF AMERICA,
J.V. FLOURNOY, Warden, et al.,**

      **Respondents.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about February 28, 2016, Petitioner Christopher L. Harris, a federal prisoner proceeding pro se, filed a "Petition for Writ of Audita Querela in the Nature of Writ of Habeas Corpus." ECF No. 1. At the time of filing, Petitioner Harris was in the Federal Detention Center in Tallahassee, Florida. *See id.* On March 7, 2016, Petitioner filed a Notice of Change of Address, reflecting his placement at the Federal Correctional Institution in Jesup, Georgia. ECF No. 6.

After direction by this Court, *see* ECF No. 3, Petitioner filed an amended petition for habeas corpus pursuant to 28 U.S.C. § 2241 on or about March 23, 2016. ECF No. 11. In his petition, he indicates he seeks audita querela relief pursuant to 28 U.S.C. § 1651. *Id.* at 2.

Petitioner also filed a motion to proceed in forma pauperis (IFP). ECF No. 12.  Petitioner's IFP motion will be granted by separate order.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be dismissed.

## Background and Procedural History

The facts and procedural history quoted below are taken from a report and recommendation, ECF No. 9, adopted by the federal district court, ECF No. 14, in another case filed by Petitioner, Harris v. Holder, case number 1:14-584, in the Southern District of West Virginia at Bluefield.  As that court indicated, Petitioner Harris is "a prolific filer" and his "creative attempts to obtain release through such channels as civil commercial law and the like have resulted in his being cautioned by more than one court that it would 'not tolerate the type of frivolous behavior Mr. Harris has thus far demonstrated in his filings.'" Id. ECF No. 14 at 2.

### 1.  Southern District of Indiana:

In 1999, Petitioner was convicted in the United States District Court for the Southern District of Indiana of conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. United States v. Harris, Case No. 98-cr-0121 (S.D. Ind. Nov. 1, 1999). By Judgment Order entered on November 1, 1999, the District Court sentenced Petitioner to serve a 300-month term of incarceration to be followed by a five-year term of supervised release. Id., Document No. 53. Petitioner did not file a Notice of Appeal.

On June 27, 2005, Petitioner filed in the Southern District of Indiana a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. Harris v. United States, 1:05-cv-0963 (S.D. Ind. Sep. 6, 2005), Document No. 1. On July 6, 2005, the United States filed its Motion to Dismiss. Id., Document No. 5. On August 5, 2005, Petitioner filed his Response in Opposition. Id., Document No. 7. By Order entered on September 6, 2005, the District Court denied Petitioner's Section 2255 Motion "because it was not timely filed and because of the waiver in his plea agreement." Id., Document No. 8.

On September 30, 2008, Petitioner filed in the Southern District of Indiana a "Motion to Discharge, Satisfy and Release Judgment Lien" and "Tender of Payment to Discharge the Judgment Lien." Harris v. United States, 1:08-cv-01315 (S.D. Ind. Oct. 17, 2008), Document Nos. 1 and 2. In his Motion, Petitioner argued that his criminal conviction was a debt, and the debt had been satisfied. Id. Petitioner cited provisions of the Uniform Commercial Code and language from Rule 60(b) of the Federal Rules of Civil Procedure. Id. On October 15, 2008, Petitioner filed a "Notice of Accepted Offer." Id., Document No. 6. By Order entered on October 17, 2008, the District Court construed Petitioner's "Motion to Discharge, Satisfy and Release Judgment Lien" as a Section 2255 Motion and dismissed it as successive. Id., Document No. 12. Petitioner filed a Notice of Appeal on October 28, 2008. Id., Document No. 21. The Seventh Circuit dismissed Petitioner's appeal

pursuant to Rule 42(b) on December 30, 2008.  Id., Document No. 46.

Beginning in 2011, Petitioner filed numerous documents in Criminal Action No. 98-cr-0121 wherein he challenged his arrest and conviction, sought to deposit a promissory note in satisfaction of his debt, and requested his release from federal custody.  The District Court denied such motions.  Petitioner filed Notices of Appeal concerning some of the Motions.  On March 18, 2013, the Seventh Circuit entered an Order dismissing Petitioner's appeals wherein he challenged the validity of his conviction.  United States v. Harris, Case No. 98-cr-0121, Document No. 143.  The Seventh Circuit noted that by Order of February 22, 2013, it warned Petitioner that "additional frivolous appeals (or requests for permission to initiate more collateral attacks) may subject him to sanctions." Id.  The Seventh Circuit noted that Petitioner ignored the Court's warning and filed Appeal No. 13-1395, which demonstrated that Petitioner plans to continued his campaign of frivolous motions and appeals. Id.  Therefore, the Seventh Circuit imposed a filing restriction and imposed a $500 sanction upon Petitioner. United States v. Harris, Nos. 12-3744, 13-1312, and 13-1395 (7th Cir. March 18, 2013).

## 2. District of Colorado:

In 2008, Petitioner filed in the United States District Court for the District of Colorado an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Harris v. Wilner, 2008 WL 1765649 (D. Colo. April 16, 2008), aff'd, 294 Fed.Appx. 384 (10th Cir. 2008).  The District Court determined that Petitioner appeared "to claim that he is not challenging his conviction or sentence but is seeking to 'satisfy, release, or discharge the judgment pursuant to Rule 60(b)(5.)." Id.  The District Court determined that Rule 60(b) was not applicable to criminal proceedings and Petitioner was essentially challenging the validity of his conviction. Id.  The District Court denied Petitioner's Section 2241 Petition finding that Petitioner had an adequate and effective remedy in a Section 2255 Motion in the

United States District Court for the Southern District of Indiana.
Id.

In 2010, Petitioner filed a second Section 2241 Petition in the District of Colorado.  Harris v. Wands, 2010 WL 5339604 (D.Colo. Dec. 10, 2010).  In his Petition, Petitioner argued that "once he was convicted a statutory obligation under the Uniform Commercial Code (UCC) was created in favor of the United States."  Id.  Petitioner claimed that as a result of indorsement and payment, the warden no longer had a right to retain him.  Id.  The District Court dismissed Petitioner's Petition finding that Petitioner's "attempt to effect his release through the operation of civil commercial statutes is legally frivolous." Id.

In 2011, Petitioner appealed to the Tenth Circuit Court of Appeals the District of Colorado's decision dismissing Plaintiff's Complaint as frivolous and imposing filing restrictions.  Harris v. Kammerzell, 440 Fed.Appx. 627 (10th Cir. 2011).  The Ten Circuit noted that Petitioner again "appears to be challenging his drug conviction and sentence based upon principles of contract and/or civil commercial law."  Id.  The Tenth Circuit affirmed the District of Colorado's decision to dismiss Petitioner's Complaint and impose filing restrictions.  Id.

### 3. Court of Federal Claims:

In 2009, Petitioner filed an action in the Court of Federal Claims seeking to "enforce a contract he alleged existed between himself and the Government pursuant to which he offered to pay $8,000,000 to the Government and in return the Government would release him from incarceration."  Harris v. United States, 2009 WL 2700207 (Fed. Cl. Aug. 26, 2009). Petitioner argued that by making an offer to the Government to pay $8,000,000, he created a judicial lien that entitled him to immediate release.  Id.  The Court found that Petitioner's "criminal conviction is not governed in any way by the Uniform Commercial Code and the various documents he submits do

not constitute contracts with the United States Government within the meaning of this Court's statutory grant of jurisdiction." Id. The Court, therefore, determined that it lacked jurisdiction to consider Petitioner's claims and dismissed his Complaint. Id.

### 4. Western District of Missouri:

In 2010, Petitioner filed in the United States District Court for the Western District of Missouri an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Harris v. Anderson, 2010 WL 4531408 (W.D.Mo. Oct. 14, 2010). In his Petition, Petitioner argued that he was involuntarily placed in lock-up and under investigation after he failed a "Private Administrative Remedy Demand." Id. Petitioner further complained that prison officials confiscated all of his legal property. Id. The Court determined that in Petitioner's "Private Administrative Remedy Demand," Petitioner "claimed that under the UCC, his body is a good that can be used to satisfy the debt created by the Judgment and Commitment Order in his underlying criminal case." Id. Petitioner contended that the Warden was authorized to accept his offer to pay the debt and his failure to do so would result in default. Id. Petitioner further stated that "he reserved the right to incorporate his 'Offer of Performance' in any financial commercial, legal or criminal proceeding, initiate a counterclaim against the Warden, or file a 'claim against bond' against the Warden." Id. Respondent submitted evidence that "[i]n some cases, inmates have improperly used [commercial law theories based on the UCC] to file false liens against Bureau of Prisons staff, Judges, United States Attorneys, and other federal employees." Id. Respondent noted that the investigation revealed that Petitioner was possibly taking steps to file a false lien against the Warden. Id. Therefore, prison officials confiscated some of Petitioner's property, including manuals and forms relating to filing liens." Id. The Court dismissed Petitioner's Section 2241 Petition finding that Petitioner failed to exhaust his administrative remedies and finding there was no indication that Petitioner was denied access to the courts or suffered any

injury by the confiscation of some of his property.  Id.

### 5. Eastern and Central Districts of California:

In 2011, Petitioner filed in the United States District Court for the Eastern District of California a Petition requesting relief pursuant to 28 U.S.C. §§ 2007, 3201, and 3569.  Harris v. O'Keefe, 2011 WL 4542650 (E.D. Cal. Sept. 27, 2011). Specifically, Petitioner requested that the "Court (1) deposit a promissory note for $8,000,000.00, (2) order the U.S. Marshal to discharge a $4,000,000.00 criminal fine, and (3) order the U.S. Marshal to return [Petitioner] to his domicile of choice."  Id. The District Court dismissed Petitioner's Petition finding that Petitioner was not imprisoned for a civil debt, Petitioner is serving a criminal sentence for his conviction, and payment of Petitioner's debt does not discharge his sentence.  Id.

In 2012, Petitioner filed a Section 2241 Petition in the Eastern District of California.  Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012).  Specifically, Petitioner sought "a stay of execution of what he characterizes as a judgment lien and more broadly a stay of execution of his sentence as well as a suspension of his sentence."  Id.  Petitioner argued that he had "the right to satisfy his obligation with personal property other than money."  First, the District Court concluded that to the extent Petitioner was challenging the legality of his sentence, his claims must be dismissed for lack of jurisdiction. Second, the District Court determined that Petitioner failed to show "a statutory right to use his person, his personal property, and/or a promissory note to satisfy his obligation to pay an alleged $4,000,000 fine imposed in connection with his sentence."  Id.  Third, the District Court found that Petitioner's equal protection claim should be dismissed because he "failed to state specific facts that point to a real possibility of constitutional error and entitlement to habeas relief."  Id. Finally, the District Court determined that Petitioner's claim that his inability to satisfy the judgment violated his rights under Article I, § 10 was without merit.  Id.

In 2012, Petitioner filed his second Section 2241 Petition in the Eastern District of California.  Harris v. Copenhaver, 2012 WL 2553635 (E.D. Cal. June 29, 2012).  Specifically, Petitioner argued that "as part of his criminal sentence, a fine of $4,000.000.00 was imposed to be treated as a tax lien."  Id.  Petitioner claimed that "a unit team member failed to confirm a receipt for the payment of the lien so that it may be discharged."  Id.  Petitioner requested a stay of execution of a judgment lien and suspension of his sentence.  Id.  The District Court noted that Petitioner asserted the same claim in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012).  Accordingly, the District Court dismissed Petitioner's Section 2241 Petition as successive.  Id.

In 2012, Petitioner filed in the Eastern District of California a civil rights actions pursuant to Bivens.  Harris v. Rodriguez, 2012 WL 5424947 (E.D. Cal. Nov. 6, 2012).  In his Complaint, Petitioner argued that an unlawful fine of four million dollars was imposed as a result of his criminal conviction in the Southern District of Indiana.  Id.  The District Court noted that Petitioner "has a long history of making his frivolous claims about his four million dollar ($4,000,000) lien, as reviewed by the Tenth Circuit."  Id.  Based upon Petitioner's allegations and filing history, the District Court dismissed Plaintiff's Complaint as frivolous.  Id.

In 2012, Petitioner filed his third Section 2241 Petition in the Eastern District of California.  Harris v. Copenhaver, 2012 WL 4747149 (E.D. Cal. June 29, 2012), aff'd, 557 Fed.Appx. 686 (9th Cir. 2014).  In his Petition, Petitioner requested that the Court discharge his criminal conviction and sentence on the "grounds that the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Petitioner claims he has satisfied on June 11, 2012, with the delivery of unspecified 'security directly to the United States . . . as payment.'"  Id.  The District Court noted that Petitioner's challenge to his sentence based upon a purported satisfaction

of a lien has already been addressed and rejected on the merit[s] in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012).  Accordingly, the District Court dismissed Petitioner's Section 2241 Petition as successive.  Id.

In 2012, Petitioner filed in the Eastern District of California a Petition for Writ of Mandamus pursuant to 28 U.S.C § 1361. Harris v. Unknown, 2012 WL 5877562 (E.D. Cal. Nov. 20, 2012).  In his Petition for Writ of Mandamus, Petitioner again argued that "the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Petitioner claimed he satisfied on July 11, 2012, with the delivery of an unspecified "security directly to the United States . . . as payment."  Id.  The District Court construed Petitioner's Petition for Writ of Mandamus as a Section 2241 Petition and dismissed it as successive.  Id.

In 2013, Petitioner filed a Section 2241 Petition in the Central District of California.  Harris v. McGrew, 2013 WL 2480624 (C.D. Cal. June 10, 2013).  In his Petition, Petitioner argued that the sentencing court lacked jurisdiction over him. Id.  The District Court determined that Petitioner failed to show that Section 2255 was inadequate or ineffective as a means to provide him relief.  Id.  The District Court, therefore, dismissed Petitioner's Section 2241 Petition.  Id.

In 2013, Petitioner filed his fourth Section 2241 Petition in the Eastern District of California.  Harris v. Babcock, 2013 WL 3013477 (E.D. Cal. June 14, 2013).  In his Petition, Petitioner argued that "his judgment of conviction is invalid and should be set aside because the indictment charging him did not contain sufficient allegations of 'the exact geographical location where the criminal activity . . . took place' and therefore was insufficient to properly invoke the court's jurisdiction."  Id.  The District Court noted that "a review of petitioner's underlying criminal case shows that the challenge he seeks to present to this court has already been litigated and addressed by both the Southern District of Indiana and the Seventh Circuit."  Id.  The

District Court determined that Petitioner could not collaterally attack his federal conviction by way of a Section 2241 Petition and dismissed his Petition.  Id.

### 6. Southern District of West Virginia:

On May 17, 2013, Petitioner filed a Section 2241 Petition in the Southern District of West Virginia.  (Civil Action No. 1:13-cv-11595.)  In his Petition, Petitioner argued that his incarceration was illegal because the sentencing court lacked jurisdiction over the parcels of property at which the alleged criminal activity occurred.  (Id., Document No. 1.)  By Proposed Findings and Recommendation entered on October 29, 2013, United States Magistrate Judge Cheryl A. Eifert recommended the Petitioner's Petition be dismissed because he was challenging the validity of his conviction and sentence and failed to state any basis to find that a Section 2255 Motion was inadequate or ineffective.  (Id., Document No. 14.)  Petitioner filed Objections.  (Id., Document No. 15.)  By Memorandum Opinion and Order filed on November 13, 2013, United States District Judge David A. Faber adopted Judge Eifert's recommendation and dismissed Petitioner's Petition.  (Document Nos. 16 and 17.)  Petitioner filed a Notice of Appeal on November 21, 2013.  (Id., Document No. 18.)  On April 1, 2014, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court.  (Id., Document Nos. 22 and 23.)

On September 6, 2013, Petitioner filed a "Motion for Leave to Make Deposit In Court Pursuant to 28 U.S.C. § 2041." (Civil Action No. 1:13-22649, Document No. 1.)  In his Motion, Petitioner requests "leave to deposit the sum of $2,622.00 with the Court, which is double the aggregate amount claimed and owed, and that, following the deposit, Plaintiff be discharged from liability." (Id., p. 1.) Petitioner explains that "this action involves an obligation imposed by Commitment of Judgment via criminal fine" and he "has admitted the validity of the obligation and that the sum of $1,311.00 is due and owing to the United States District Court."  (Id.) Petitioner states that Clerk of the

Court "does not have the right to willfully refuse tender of payment." (Id., p. 2.)  Petitioner states that an obligation is extinguished by an Offer of Performance.  (Id.)  Therefore, Petitioner states that he is attaching a "negotiable instrument, i.e., tender of payment" and he should be "released from liability on this agreed sum."  (Id.)  As Exhibits, Petitioner attaches a copy of his "Offer of Performance," "Tender of Payment," and "Inmate Financial Plan."  (Id., pp. 4 - 12.)  This matter is currently pending before the Court.

On January 23, 2014, Petitioner filed a Complaint against Eric Holder in the Circuit Court of McDowell County.  (Civil Action No. 1:14-11734, Document No. 1, pp. 5 - 33.)  In his Complaint, Petitioner challenges his incarceration based upon his conviction in the Southern District of Indiana.  (Id.) Specifically, Petitioner states that a $4,000,000 fine was imposed and he has delivered to the United States a "Private Administrative Remedy" satisfying the debt.  (Id.)  Petitioner, therefore, contends that he is entitle[d] to release from custody because he has satisfied his debt.  (Id.)  On March 6, 2014, Mr. Holder filed his Notice of Removal with this Court.  (Id., Document No. 1.)  On March 11, 2014, Mr. Holder filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support.  (Id., Document Nos. 3 and 4.) Petitioner filed a "Motion for Injunction Against Removal" and Motion to Remand Case Back to Circuit Court."  (Id., Document Nos. 5 and 6.)  On March 12, 2014, Mr. Holder filed his Combined Response to Petitioner's Motions.  (Id., Document No. 9.)  On March 14, 2014, Petitioner filed a Response to Mr. Holder's Motion to Dismiss.  (Id., Document No. 11.)  Petitioner has continued to file numerous Motion in the above case.

Id. ECF No. 9 at 1-11.  The West Virginia District Court ultimately

dismissed that removed case, adopting the magistrate judge's proposed

findings and recommendations.  Harris v. Holder, No. 1:14cv11734 (S.D.

W.Va. Oct. 7, 2014), ECF No. 72 (Memorandum Opinion and Order).

In the mandamus case, from which the above-quoted history was

taken, the facts included:

> On January 7, 2014, Petitioner filed his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated." (Civil Action No. 1:14-00584, Document No. 1.) Petitioner stated that he was the "Defendant in the originating Criminal Case No. 1:98-cr-00121-03" and he "is and was at all time mentioned herein the Judgment Debtor/Obligor." (Id., p. 1.) Petitioner contends that Eric Holder, the United States Attorney General, is the Obligee that "is legally responsible for the discharge of attachment and arrest of the Judgment Debtor to the extent of the payment or delivery of other personal property." (Id., p. 2.) Petitioner explains that he received a $4,000,000 fine or "attachment." (Id.) Petitioner alleges that "[o]n December 18, 2013, the Judgment Debtor/Obligor delivered to the Obligee his Private Administrative Remedy re: Conditional Acceptance - Request for Affirmative Proof As to the Status of the $4,000,000 Attachment Warrant; Discharge and Other Maters in re Case No. 1:98-cr-00121-003 dated December 17, 2013." (Id.) Petitioner states that he "attached to Obligor's Private Administrative Remedy referenced above attached herewith made a part hereof as Exhibit C was Instruction No. 70131090000199520504 which operated as payment, i.e. money in hand, assets, cash, money available for payment of private or public debt authorized by Congress." (Id.) Petitioner states that the "Obligee was given a WARNING under caveat that Obligor expected a receipt within 72 hours of receipt of payment as evidence that the obligation has been discharged." (Id.) Petitioner argues that the further warned the Obligee that a "non-response or failure to provide evidence that the obligation has been discharged would constitute obligee's agreement . . . that the attached Note does operate as payment and that the U.S. Attorney General will accept the Note in

satisfaction of its Attachment Warrant in re Case No. 1:98-cr-00121-003." (Id., pp. 2 - 3.)  Petitioner argues that the "U.S. Attorney General, d.b.a. Obligee, failed or refused to discharge the Judgment Debtor . . . to the extent of the payment or delivery of bankable paper, i.e., Instrument No. 70131090000199520504 as payment."  (Id., p. 5.)  Based upon the foregoing, Petitioner argues that he is entitled to summary judgment and release from federal custody.  (Id., pp. 3 - 4.)

As Exhibits, Petitioner attaches the following: (1) A copy of "Interrogatories" (Id., pp. 6 - 7.); (2) A copy of Petitioner's Affidavit (Id., pp. 8 - 9.); (3) A copy of Petitioner's "Private Administrative Remedy" dated December 17, 2013 (Id., pp. 10 - 14.); (4) A copy of Petitioner's "Demand for Full and Final Release" (Id., pp. 15 - 19.); (5) A copy of Petitioner's "Bankable Paper, i.e., Note No. 70131090000199520504"(Id., pp. 20 - 23.).

On April 30, 2014, Petitioner filed a "Motion for Perpetual and Mandatory Injunction."  (Id., Document No. 4.)  In support of his Motion, Petitioner sets forth the same allegations as set forth in his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated."  (Id.)

On July 8, 2014, Petitioner filed his Petition for Leave to Amend and his Amended Petition.  (Id., Document Nos. 4 and 5.)  In his Amended Petition, Petitioner references his criminal conviction in the Southern District of Indiana.  (Id., p. 2.)  Petitioner states that the U.S. Marshal "executed a committed fine of $4,000,000 pursuant to 21 U.S.C. § 841(a)(b) against Petitioner."  (Id.)  Petitioner states that "according to the U.S. Dept. Of Justice Inmate's Admissions and Orientation Handbook for FCI McDowell, 'Committed Fine' means that the Inmate will remain in prison until the fine is paid."  (Id., p. 3.)  Petitioner argues that once his fine is fully paid, Petitioner is no longer required to notify the United States of any change of residence.  (Id.)  Petitioner states that on January 2, 2014, he

"delivered to the United States, c/o Eric Holder, Bankable Paper Double the amount of the committed fine as payment to discharge the warrant of attachment."  (Id.)  Petitioner, therefore, requests "Judgment for full acquittance of the committed fine and warrant of attachment and immediate release."  (Id.)

On July 22, 2014, Petitioner filed a Motion for Judgment on the Pleadings.  (Id., Document No. 7.)  Petitioner contends that he is entitled to judgment because the "Defendant has the burden of showing why the seizure should not be vacated." (Id.)

Harris v. Holder, No. 1:14cv584 (S.D. W.Va. Aug. 21, 2014), ECF No. 72

(Proposed Findings and Recommendation), ECF No. 9 at 11-13.  The

magistrate judge recommended denying the mandamus petition:

Petitioner appears to contend that Mr. Holder is improperly refusing to release Petitioner from federal custody. Petitioner states that a $4,000,000 fine was imposed as a result of his criminal conviction in the Southern District of Indiana. Based upon principles of contract or civil commercial law, Petitioner argues that he has provided Mr. Holder with a Promissory Note or "Bankable Paper" as payment for his $4,000,000 fine.  Therefore, Petitioner argues that he is entitled to release from custody because his criminal conviction constituted a debt and he has satisfied his debt.  As explained above, Petitioner's foregoing claim has been continuously asserted and rejected by District Courts in Indiana, Colorado, Missouri, and California.  Additionally, Petitioner's above claim has been presented and rejected by the Seventh, Ninth, and Tenth Circuit Courts of Appeal.  The Court, therefore, finds that Petitioner's right to relief is not clear and indisputable.  Further, the proper means for Petitioner to attain the relief he desires is to request habeas relief.  Although Petitioner indicates he is requesting that Mr. Holder recognize the "Bankable Paper" or

"Note" as payment for his fine, Petitioner further contends that upon payment of his fine he is entitled to release from custody. Thus, Petitioner is clearly challenging the validity of his conviction and sentence. Accordingly, the undersigned finds that Petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus. Based upon the foregoing, the undersigned recommends that Petitioner's Petitions for Writ of Mandamus, "Motion for Perpetual and Mandatory Injunction," and "Motion for Judgment on the Pleadings" be denied.

*Id.* at 14 (footnotes omitted). The district court adopted the findings and recommendation and denied the petition for writ of mandamus. *Id.* ECF No. 14.

Evidently, Petitioner was thereafter moved to a federal prison in Kentucky. He continued his efforts in the Kentucky federal courts. *See, e.g.*, Harris v. Holland, No. 6:15-2-KKC, 2015 WL 2401345 (E.D. Ky. May 18, 2015) (memorandum opinion and order denying § 2241 petition); Harris v. U.S. Marshals Serv., No. 6:15cv99-KKC, 2015 WL 3893058 (E.D. Ky. June 24, 2015) (memorandum opinion and order denying "Personal Replevin Action at Common Law (Habeas Corpus Ad Subjiciendum)").

As set forth above, Harris filed this § 2241 petition on or about February 28, 2016, while at the Federal Detention Center in Tallahassee, Florida. ECF Nos. 1, 11. Harris indicates his petition concerns "Audita Querela pursuant to 28 U.S.C. § 1651." ECF No. 11 at 2. He indicates he

previously filed a § 2255 motion which was denied. *Id.* Instead of listing

grounds, he simply indicates "see attached," referencing a typed insert. *Id.*

at 3. There, under "ground one," he states, "This Court should vacate the

Order to notify the U.S. Attorney's Office of any change of name,

residence, or mailing address and the execution previously issued on

November 1, 1999, in the U.S. District Court Southern District of Indiana on

the grounds that it is fully satisfied, despite the United States' wrongful

refusal to execute a Satisfaction of Judgement or Release of Lien pursuant

to 28 U.S.C. § 3201(d)." *Id.* at 4-5. As supporting facts, Harris states:

1. On November 1, 1999, a judgment was entered in the Southern District of Indiana against Mr. Harris for all costs.

2. Costs SHALL BE included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress pursuant to **28 U.S.C. §1918(a).**

3. Mr. Harris was Ordered to notify the U.S. Attorney's Office of any change of name, residence, or mailing address **'<u>until</u>'** all costs imposed by judgment are fully paid. <u>See</u> Page 1 of Judgment No.1:98CR00121-003(S.D.Ind).

4. The United States has the right to collect the judgment under the provisions of the **Federal Debt Collection Procedures Act. 28 U.S.C. §3001 et seq.**

5. The remedies which the United States may use to collect the debt include attachment and execution. <u>See</u> **28 U.S.C. §§3102, 3203.**

6. Accordingly, an execution lien attached to Mr. Harris upon

being subjected to an execution process.  See "execution process" @ "RETURN" @ page 2 of Judgment.

7. However, the United States' right to collect the judgement SHALL NOT be construed to supersede or modify the operation of Harris' common law or statutory rights to set-off or recoupment, or any federal law authorizing, or any inherent authority of a court to provide injunctive relief.  See **28 U.S.C. §3003(c)(6)(7).**

8. Mr. Harris has the right to discharge the debt under **28 U.S.C. §3206**, which states in relevant part, "A person who pursuant to an execution of order issued under this chapter [28 U.S.C. §3001 et seq.] by a court pays or delivers to the United States, [or] marshal, . . . personal property in which a judgment debtor has or have an interest in, . . . is discharge from such debt . . . to the extent of the payment or delivery."

9. On November 23, 2015, Mr. Harris delivered his "Notice of Payment of all costs and fees", with payment, to the U.S. Attorney's Office @ 46 East Ohio Street, Indianapolis, Indiana 46204 pursuant to **28 U.S.C. §3206** by U.S. Postal Service, first class postage, prepaid.

10.   The United States has failed or refused to certify dishonor and return Mr. Harris' payment under Days of Grace (72 hours) as specified in Mr. Harris' NOTICE.

11.   THEREFORE, presumption is made that the United States and all agents and assigns has tacitly accepted Mr. Harris' payment under the Doctrines of estoppel by acquiescence, silence, laches and in pais.

12.   Despite full payment, a Satisfaction of Judgment or Release of Lien has not been filed in Case No.1:98CR00121-003(S.D.Ind) because the United States and all agents and assignees has wrongfully refused to sign and file one pursuant to **28 U.S.C. §3201(d).**

13.   The United States and all agents and assignees
continues to collect additional sums by execution of the
judgment that is, in fact, fully satisfied.

*Id.* at 5.  Harris then asserts "Constitutional and Legal Claims," specifically

that "[t]he United States' failure or refusal to discharge the debt on the

judgment upon delivery of payment or other personal properly violates the

laws of the United States at 28 U.S.C. §3206 and Mr. Harris' rights and

constitutes a Due Process and Equal Protection violation under the 5th and

14th Amendments to the U.S. Constitution."  *Id.* at 6.  Finally, as relief,

Harris requests this Court grant the writ and:

1.  VACATE the Order to notify the U.S. Attorney's Office of any
change of name, residence, or mailing address;

2.  VACATE the attachment and execution on the judgment;

3.  RELEASE the person subjected to the lien on the judgment;

4.  GRANT any relief this Court deems necessary, just, and
proper.

*Id.* at 6.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue

the writ of habeas corpus.  *See* <u>United States v. Hayman</u>, 342 U.S. 205

(1952).  The habeas remedy is now codified in 28 U.S.C. § 2241,

subsection (c)(3) of which provides that the writ of habeas corpus shall not

extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the

administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, in his § 2241 petition, similar to his other cases detailed above, Harris appears to challenge "not how his sentence is being executed, but rather the fact that it is being executed at all."  Harris v. Rios, No. 1:11cv01722-BAM-HC, 2012 WL 913757, at *2 (E.D. Cal. Mar. 12, 2012) (district court order dismissing 2241 petition).  "Arguably, Petitioner is seeking relief that can only be dispensed by the trial court and is not available within the Bureau of Prisons."  *Id.*  Moreover, in Harris's California § 2241 case, that court addressed a claim similar to that raised by Harris in this case:

> Even if it is assumed that Petitioner's claims related to the manner of execution of his sentence, there is no legal or factual

basis for Petitioner's claim.  He has not shown he has a statutory right to use his person, his personal property, and/or a promissory note to satisfy his obligation to pay an alleged $4,000,000 fine imposed in connection with his sentence.

In setting forth his claim, Petitioner relies on statutory provisions concerning enforcement of judgments and debts that are of general applicability.  He cites federal statutes that provide that judgments for fines become a lien on property in favor of the United States and may be enforced by the United States as civil judgments are enforced, that a judgment of a United States District Court shall be a lien on property in the state to the same extent that a state court judgment would be, and that a judgment lien shall be released on the filing of a satisfaction of judgment or release of lien in the same manner as the judgment is filed to obtain the lien.  18 U.S.C. § 3613; 28 U.S.C. §§ 1962, 3201(d).  He further relies on a provision that a person is discharged from a debt to the extent that he makes payment or delivery of money or personal property to the United States or specified officers thereof.  28 U.S.C. § 3206.

Petitioner cites no authority, however, and the Court is aware of none, that requires either a custodial authority or a sentencing court to permit a prisoner to satisfy a criminal judgment for a fine by a prisoner's service of the sentence, a promissory note, or unspecified personal property.

Further, the facts of record ascertained from taking judicial notice of the judgment in Petitioner's criminal case (doc. 53) directly contradict Petitioner's indirect and vague allegations concerning the fine in question.  Petitioner was sentenced to 300 months, an assessment of $100, and a fine of $2,000.  (Doc. 53 at 2, 5).  There is no indication that Petitioner was subjected to any additional fine. . . .

Therefore, although Petitioner has identified federal statutes that have general applicability, Petitioner has not alleged specific facts that point to a real possibility of a violation

> of a federal statute in his case.  Moreover, no authority exists to
> support the rights he alleges have been violated.

*Id.* at *3-4.  Similarly, here, Harris has identified the same statutes but has

not alleged specific facts that to show a violation of a federal statute.  ECF

No. 11 at 5.  He states he delivered "Notice of Payment" on November 23,

2015, to the U.S. Attorney's Office in Indianapolis, but he does not specify

the manner of payment or attach a copy of a receipt.  *Id.*

In addition, nothing on the docket of his underlying case reflects his

payment, or attempted payment, on or around November 23, 2015, of his

$2000 fine or $100 assessment imposed in his criminal judgment.  *See*

docket for United States v. Harris, No. 1:98cr121-SEB-DKL (S.D. Ind.); *see*

*id.* ECF No. 53 (judgment rendered Nov. 1, 1999).  The only entries around

that time period reflect he submitted motions, including a Motion to Set-Off

All Costs (Expenses), ECF No. 155, docketed November 9, 2015, and a

Motion to Modify Sentence, ECF No. 156, docketed November 9, 2015.  In

an order dated November 16, 2015, however, the court struck those filings

because Harris is a restricted filer in the Seventh Circuit:

> The defendant is a restricted filer in the Seventh Circuit.
> This status is established through the Order entered on March
> 18, 2003 in No. 12-3744, No. 13-1312, and No. 13-1395, a
> portion of which imposes a $500 fine on the defendant and
> further directs that "clerks of court within the circuit will return,

unfiled, any future papers he tenders, until he pays the fine."

> The order of March 18, 2003, remains in effect. Accordingly, the defendant's motions received on November 9, 2015 were filed inadvertently.  Those filings [dkt 155 and 156] are stricken and the clerk shall return the motions to the defendant with his copy of this Entry.

*Id.* ECF No. 157.  In an order dated November 25, 2015, the court again explained Harris's restricted filer status and directed that his "motions received November 13, November 16, and November 23, 2015 shall be returned to defendant unfiled with his copy of this Entry."  *Id.* ECF No. 158. Another order entered December 17, 2015, directs that "the materials received from the defendant on December 7, 2015 shall be **returned, unfiled**, with the defendant's copy of this Entry."  *Id.* ECF No. 159.  The last order on the docket, dated December 29, 2015, similarly that "the defendant's motions filed on December 1, 2014 [a motion to reduce sentence – USSC Amendment 782] and on December 29, 2014 [a motion to reduce sentence – USSC Amendment 782] should not have been submitted or accepted for filing" and "[t]hose motions [dkts 149 and 150] ***are stricken and shall be returned to the defendant***."  *Id.* ECF No. 160.

> In his petition filed here, Harris indicates that he seeks a writ of audita querela pursuant to § 1651.  ECF No. 11 at 2.  As the Eleventh Circuit has

indicated, however, a federal prisoner is not entitled to a writ of audita

querela when relief is cognizable under 28 U.S.C. § 2255.  United States v.

Holt, 417 F.3d 1172, 1173 (11th Cir. 2005).  That court explained:

> We review *de novo* the question of whether a prisoner
> may challenge his sentence by filing a motion for a writ of
> *audita querela.  See United States v. Valdez-Pacheco,* 237
> F.3d 1077, 1079 (9th Cir. 2001) (per curiam).  *Audita querela*,
> Latin for "the complaint having been heard," was an ancient writ
> used to attack the enforcement of a judgment after it was
> rendered.  BLACK'S LAW DICTIONARY 126 (7th ed. 1999).
> The common law writ was typically employed by a judgment
> debtor in a civil case against the execution of a judgment
> because of some defense or discharge arising subsequent to
> the rendition of the judgment or the issue of the execution.  *See
> id.*; *see also Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d
> 1253, 1289 (11th Cir. 2004) (Tjoflat, J., dissenting).  The writ of
> *audita querela* was abolished, however, in the civil context by
> the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P.
> 60(b).  We have not addressed the writ's continued applicability
> in the criminal context.
>
> The authority of federal courts to recognize common law
> postconviction remedies pursuant to the All Writs Act, 28 U.S.C.
> § 1651, is governed by the Supreme Court's decision in *United
> States v. Morgan*, 346 U.S. 502 . . . (1954).  In *Morgan*, the
> Court held that a federal prisoner may collaterally attack his
> conviction even when he is no longer in custody using the
> common law writ of *coram nobis.  See* 346 U.S. at 510-11 . . . .
> In making this determination, the Court found that 28 U.S.C.
> § 2255 was not enacted to provide the exclusive remedy for a
> prisoner to obtain postconviction *habeas corpus* relief in all
> circumstances.  *See id.*  Accordingly, "[t]he teaching of Morgan
> is that federal courts may properly fill the interstices of the
> federal postconviction remedial framework through remedies
> available at common law."  *United States v. Ayala*, 894 F.2d

425, 428 (D.C. Cir. 1990); *see United States v. Kimberlin*, 675
F.2d 866, 869 (7th Cir. 1982) (noting that federal courts may
recognize common law writs in a criminal context when
"necessary to plug a gap in the system of federal postconviction
remedies"). Cognizant that a federal prisoner could use a §
2255 motion or a writ for *coram nobis* to mount a collateral
attack to obtain postconviction relief, the *Ayala* court
determined a federal prisoner could not use *audita querela* to
challenge a sentence or conviction after it had been rendered
because "the traditional writ of *audita querela* adds nothing to
these two forms of relief." *See Ayala*, 894 F.2d at 428. The
Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have
determined likewise that a federal prisoner may not use the writ
of *audita querela* where postconviction relief is available
through § 2255 or *coram nobis* motions. *See In re Rushing-
Floyd*, 62 Fed.Appx. 64, 64-65 (4th Cir. 2003) (per curiam);
*United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993);
*Kimberlin*, 675 F.2d at 869; *Valdez-Pacheco*, 237 F.3d at 1080;
*United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).

Based on this persuasive authority, we hold that a writ of
*audita querela* may not be granted when relief is cognizable
under 2255.

Holt, 417 F.3d at 1174-75.

Here, like the petitioner in Holt, Harris is collaterally attacking his

criminal judgment. Because he is proceeding pro se, the court "may

liberally construe his *audita querela* motion as a § 2255 motion." Holt, 417

F.3d at 1175. Like the petitioner in Holt, Harris has previously filed a

§ 2255 motion, and the AEDPA requires that before a second or

successive § 2255 motion is filed, a petitioner must obtain an order from

the Court of Appeals authorizing the district court to consider the motion.

28 U.S.C. § 2244(b)(3)(A).  Without such authorization, a district court

lacks jurisdiction to consider a second or successive petition.  Holt, 417

F.3d at 1175; Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

A petitioner "may not use the writ of audita querela to avoid the statutory

rules on successive petitions."  Christopher Eugene Harris v. United States,

No. 1:12cv248-MR, 2013 WL 4782396, at * (W.D.N.C. Sept. 6, 2013); *see*

Coleman v. United States, No. 3:07cv346-3-MU, 2007 WL 4303717, at *2

(W.D.N.C. Dec. 10, 2007) ("The fact that 2255 relief is now unavailable to

Petitioner because of the [AEDPA]'s limitation of the right to file a second

or successive petition, does not make 2255 unavailable to him for purposes

of being permitted to file a writ of audita querela."), aff'd, 274 F. App'x 340

(4th Cir. 2008).

Notably, the court of conviction in Harris's case, the Southern District

of Indiana, has repeatedly entered orders explaining that his filings, or

attempted filings, reflect "his chronic misunderstanding that his criminal

sentence is a form of attachment which he may redeem (meaning obtain

his release) through some sort of commercial transaction."  United States

v. Harris, No. 1:98cr00121-SEB-DKL, ECF No. 147 (order dated Sept. 4,

2013); *see id., e.g.*, ECF No. 147 (order dated Sept. 4, 2013: "The defendant's motion for leave to make a deposit in court is another filing premised on his chronic misunderstanding that his criminal sentence is a form of attachment which he may redeem (meaning obtain his release) through some sort of commercial transaction.  The motion [dkt 145] is **denied as frivolous**."); ECF No. 120 (order dated Dec. 28, 2012: "The defendant has misperceived the nature and effect of his conviction.  The motion [109] is **denied** because the defendant is serving the executed portion of the sentence imposed in the above action and his request is based on the mistaken premise that he is imprisoned based on his failure or inability to pay a fine and that there is a commercial transaction underlying his sentence rather than a criminal conviction."), ECF No. 118 (order dated Dec. 12, 2012, denying motions for relief from judgment:  "The defendant has misperceived the nature and effect of his conviction.  The motions are **denied** because the defendant is serving the executed portion of the sentence imposed in the above action and his request is based on the mistaken premise that he is imprisoned based on his failure or inability to pay a fine and on the meritless argument that this court lacked jurisdiction to impose sentence in this case."); ECF No. 85 (order dated

June 6, 2012, denying motions:  "The reason for this ruling is that the

defendant is serving the executed portion of the sentence imposed in the

above action and his requests are based on the mistaken premise that the

judgment entered in the case represents a commercial transaction which

can be satisfied – to secure his release – by the posting of a bond.").

### Conclusion

It is therefore respectfully **RECOMMENDED** that the amended

petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No.

11) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 8, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**